IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 26 2012
J T NOBLIN CLERK
BY_____ DEPUTY

THE HAMPTON COMPANY
NATIONAL SURETY, LLC,
a Mississippi Limited Liability
Company; A-24/7 BAIL BONDS;
JOSEPH NIEVIES CANTU, SR., an
individual; JAMIE A.
PATRICK, an individual; JAMES
HAMPTON GARDNER, an individual,
and ALEJANDRO NAVAS-SILVA, and
individual

PLAINTIFFS,

V.                                              CAUSE NO. 1:12cv370HSO-RHW

SHERIFF MIKE BYRD, in His official
Capacity as County Sheriff for Jackson
County, Mississippi; JACKSON COUNTY,
A political subdivision of the State of
Mississippi

DEFENDANTS,

## COMPLAINT

### (Jury Trial Requested)

**COMES NOW** the Plaintiff The Hampton Company National Surety, LLC, A-24 /7 Bail Bonds, Joseph Nievies Cantu, Sr., Jamie A. Patrick, James Hampton Gardner and Alejandro Navas-Silva by and through their counsel of record, and files this Complaint for compensatory damages, injunctive relief, and declaratory Judgment under Federal and State Law against the Defendants SHERIFF MIKE BYRD in His official capacity as County Sheriff for Jackson County, Mississippi, and JACKSON COUNTY, a political subdivision of the State of Mississippi, and in support thereof would show unto the Court as follows:

1

## I. NATURE OF ACTION

1. Individual and Representative Plaintiffs The Hampton Company National Surety, LLC, A-24/7 Bail Bonds Joseph Nievies Cantu, Sr., Jamie A. Patrick, James Hampton Gardner and Alejandro Navas-Silva bring this Complaint, seeking redress and relief for deprivation of rights guaranteed by the Constitution of the United States and the State of Mississippi, specifically, but not limited to, Defendant(s) wrongful denial of Plaintiffs' right to post bonds and/or sureties in Jackson County.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as this matter arises under the Constitution, statutes, and laws of the United States, and involves a federal question – namely whether a Sheriff (Chief Executive) of the law enforcement branch of a Mississippi County may, without due process of law and in violation of equal protection of law, deny a duly licensed limited surety agent equal access to jails or detention facilities of Jackson County, Mississippi for the purpose of interviews, the posting of bail bonds, and the surrender of principal by the defendants. This action is brought pursuant to 42 U.S.C. § 1983, as at all times relevant to this lawsuit, Defendants acted under color of law.

This action is also brought pursuant to the Fourteenth Amendment to the United States Constitution, (Title III of the Civil Rights Act as Amended, Title VI of the Civil Rights Act as Amended ) of the Civil Rights Act 1871; Pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986; in order to recover damages against Defendants for the unlawful, discriminatory actions taken against Plaintiff Alejandro Navas-Silva and Joseph Nievies Cantu, Sr.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this district and division.

## PARTIES

4. Plaintiff Hampton Company National Surety, LLC (hereinafter called, "Hampton, LLC"), is a Mississippi Limited Liability Company doing business in Jackson County, Mississippi, with its principal office address in Decatur, Mississippi and, at all times relevant to this lawsuit, was properly licensed as a limited surety agent by the Mississippi Department of Insurance.

5. Plaintiff A-24/7 Bail Bonds (hereinafter called, "A-24/7"), is a registered sole proprietorship doing business in Jackson County, Mississippi, with its principal office address in Jackson County, Mississippi and, at all times relevant to this lawsuit, was properly licensed by the Mississippi Department of Insurance.

6. Plaintiff Joseph Nievies Cantu, Sr. (hereinafter referred to as, "Cantu") is an adult resident citizen of Jackson County and the only Hispanic bail agent in Jackson County, Mississippi. Plaintiff Cantu received his license from, and is regulated by, the State of Mississippi. Plaintiff Cantu has constitutionally protected property interest in his state-issued license and in his ability to write bonds in Jackson County, Mississippi. At all times relevant to this case, Mr. Cantu was an agent for Plaintiff Hampton, LLC and, at all times relevant to this lawsuit, was properly licensed by the Mississippi Department of Insurance for the purpose of soliciting and writing bail bonds.

7. Plaintiff Jamie A. Patrick (hereinafter referred to as, "Patrick") is an adult resident

citizen of Jackson County, Mississippi. Plaintiff Patrick received her license from, and is regulated by, the State of Mississippi. Plaintiff Patrick has constitutionally protected property interest in her state-issued license and in her ability to write bonds in Jackson County, Mississippi. At all times relevant to this case, Ms. Patrick was an agent for Plaintiff Hampton, LLC. and, at all times relevant to this lawsuit, was properly licensed by the Mississippi Department of Insurance for the purpose of soliciting and writing bail bonds.

8. Alejandro Navas-Silva (hereinafter referred to as "Navas") is an adult permanent resident citizen of Harrison County, Mississippi and the only Hispanic professional bail agent in Jackson County. Plaintiff Navas received his license from, and is regulated by, the State of Mississippi. Plaintiff Navas has constitutionally protected property interest in his state-issued license and in his ability to write bonds in Jackson County, Mississippi. At all times relevant to this case, Mr. Navas, as the sole proprietor of A-24/7 Bail Bonds, was an agent for Plaintiff Hampton, LLC. and, at all times relevant to this lawsuit, was properly licensed as a professional bail agent by the Mississippi Department of Insurance.

9. Plaintiff James Hampton Gardner (hereinafter referred to as, "Gardner") is an adult resident of Decatur, Mississippi. Plaintiff Gardner received his license from, and is regulated by, the State of Mississippi. Plaintiff Gardner, the sole member of Hampton, LLC, has constitutionally protected property interest in his state-issued license and in his ability to write bonds in Jackson County, Mississippi.

10. Defendant Jackson County, Mississippi is a county organized and formed under Mississippi law, whose agent for service of process is the Chancery Court Clerk, Terry Miller (Clerk of the Board of Supervisors), whose mailing address is P. O. Box 998, Pascagoula, Mississippi 39568-0998. Their physical address is 3104 Magnolia St., Pascagoula

Mississippi, 39567.

11. Defendant Mike Byrd, is the Sheriff of Jackson County, Mississippi and is the executive officer of the Sheriff's Department of Jackson County. His mailing address is P.O. Box 998, Pascagoula, Mississippi 39568. His physical address is 2915 Canty Street, Suite R, Pascagoula, Mississippi 39567, where he may be served with process.

### IV. FACTUAL BACKGROUND

12. Plaintiff Navas, had been authorized to write bonds in Jackson County, Mississippi since June of 2011. However, in June, 2012, Mr. Navas was summarily barred from writing bonds by the Jackson County Sheriff's Department. Plaintiff Navas contacted Sheriff Mike Byrd to inquire into the matter and was instructed to contact Captain Mick Sears. As instructed Plaintiff Navas set up a meeting between himself, another bond agent and Captain Sears.

Captain Sears, a Caucasian male, informed Plaintiff Navas that he had been removed from the approved bondsman list due to an allegation that Plaintiff Navas had forced a defendant bondee into prostitution. Plaintiff Navas strongly denied the allegations to Captain Sears who then informed Plaintiff Navas that his bonding company would be placed back on the approved bondsman's list. Despite the assurances of Captain Mears, Plaintiff Nava's company was never put back on the list. Inquires made by Plaintiff Navas to Sheriff Byrd were ignored. (See Exhibit "A")

Sheriff Mike Byrd, a Caucasian male and the final policymaker with respect to all law enforcement decisions made within Jackson County, made the decision to remove Mr. Navas from the Approved Bondsman list without prior notice or a hearing of any kind, in violation

of Plaintiff's rights to due process under the Fifth and Fourteenth Amendments and the equal protection laws of the United States Constitution.

13. On or about October 15, 2009, Plaintiff Cantu attempted to have his name, as an agent for Hampton, added to the list of approved bail bonding agents and companies. Cantu made numerous calls and visits to the Defendants' office to determine if he had been added to the approved list. Defendants repeatedly told Cantu that he had not been added to the list. Despite the fact that Plaintiffs met all known legal qualifications to be added to the bonding roster, Defendants prohibited the Plaintiffs from soliciting and writing bonds in Jackson County. At one point, additional information was requested from Cantu and was immediately provided; however, Defendants continually refused to add the Plaintiffs to the list of approved bail bonding agents and companies in Jackson County, thereby prohibiting the Plaintiffs from soliciting and writing bonds in Jackson County.

14. On or about March 2, 2010, Cantu met personally with Defendant Sheriff Mike Byrd ("Byrd") and was told that Cantu and Hampton would not be approved. Byrd stated that he had forty bonding companies and would not be approving any others; to the contrary, only twenty-one companies were actually listed as approved at that time. This was the only reason provided by Defendants. Plaintiffs were not advised that they did not meet any other qualifications.

15. On or about April 9, 2010, Plaintiff Patrick attempted to have her name, as an agent for Hampton, added to the list of approved bonding agents and companies. Patrick was informed that the owner of the company (Gardner) must complete additional paperwork. The requested paperwork was completed five days later on April 14, 2010. Since that time, Patrick has contacted Defendants' office on numerous occasions but has

not been approved to solicit bonds in Jackson County nor has she been given any reason as to why she is being kept off of the approved list.

16. During the relevant time period, the Plaintiffs were in good standing with the Mississippi Department of Insurance with regard to the bail bond practice.

17. Since Defendants' refusal to allow Plaintiffs to write bonds in Jackson County, Plaintiffs have made several attempts to discuss this matter with the Defendants, even hiring counsel to send a letter to the Sheriff requesting a full explanation for refusing to allow Plaintiffs on the approved bail bonding list. A copy of the letter sent by Plaintiffs counsel is attached as Exhibit B. Unfortunately, Defendants have wholly ignored Plaintiffs' reasonable efforts to be placed on the Jackson County bonding roster. To date, Defendants have failed to provide any factual basis for its arbitrary policy of allowing only 40 bonding agents on the roster. As a result, Defendants have continued to unreasonably and arbitrarily prohibit the Plaintiffs from writing bonds in the County without any factual or legal justification, which is a violation of Mississippi state law and the United States Constitution.

18. Under Mississippi law, all licensed bail agents shall have equal access to jails or detention facilities for the purpose of interviews, the posting of bail bonds, and the surrender of principal. MISS. CODE ANN. §99-5-27. Further, it is settled law that a sheriff must not act in an arbitrary or capricious manner in deciding whether to accept or reject a bond tendered for the release of an accused. *Tunica County v. Hampton Co. Nat. Sur., LLC,* 27 So. 3d 1128, 1135 (Miss. 2009).

## DEPRIVATION OF CIVIL RIGHTS

19. The Defendants' conduct as described above deprived the Plaintiffs of certain rights guaranteed to them by the UNITED STATES CONSTITUTION.

20. The Defendants' conduct violated the Plaintiffs' right to due process of law, as guaranteed by the Fourteenth Amendment to the UNITED STATES CONSTITUTION.

21. The Defendants' conduct violated the Plaintiffs Cantu and Navas' right to equal protection of law, as guaranteed by the Fourteenth Amendment to the UNITED STATES CONSTITUTION.

22. The Defendants' conduct violates and abridges the Plaintiffs' right to the privileges and immunities of citizens of the United States, as guaranteed by the Fourteenth Amendment to the UNITED STATES CONSTITUTION.

23. The Defendants' conduct was in contravention of settled, indisputable and clearly established law, as per Mississippi law, that all licensed bail agents shall have equal access to jails or detention facilities for the purpose of interviews, the posting of bail bonds, and the surrender of principal.

24. The violation of the Plaintiffs' civil rights is the result of official policy, custom and practice of the Defendants.

25. The Defendants acted in deliberate indifference to the constitutionally-protected rights of the Plaintiffs.

26. Final policy-making officials violated the constitutionally-protected rights of the Plaintiffs, and ratified the actions of certain individual government actors in violating the constitutionally-protected rights of the Plaintiffs.

27. Procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendments. When a property interest is taken, some form of hearing is required before a final deprivation of the interest. Defendants herein violated these rights by removing Plaintiff Navas from the approved roster without following procedures for suspending or revoking a state-issued bail bondsman license.

28. The official policies of the Defendants resulted in the violation of clearly established constitutional rights held by Plaintiffs. In view of the fact that the Defendants' actions were not objectively reasonable in view of Plaintiffs' clearly established constitutional right to Due Process of law, Plaintiffs have been damaged and are entitled to compensatory damages therefore.

29. The Plaintiffs assert this action pursuant to 42 U.S.C. § 1983.

## EQUAL PROTECTION CLAIM

30. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs of this complaint, as though set forth herein.

31. To establish a claim for discrimination under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must demonstrate that he has been treated differently because of his race or ethnicity and that the different treatment resulted from a discriminatory intent.

32. Plaintiff Navas is the only Hispanic licensed professional bail agent in Jackson County. All of the individual Defendants are white males. Other bail bondsmen have not been suspended for acts identical to or extremely similar to the acts of the Plaintiff. In view of the disparate treatment, Plaintiff has established a claim for a violation of his rights to equal protection of the laws.

33. As a direct and proximate result thereof, the Plaintiff was injured as described herein and is entitled to all compensatory and punitive damages allowable at law. Therefore, Plaintiff demands judgment in his favor and against Defendants, individually and jointly, and for attorney's fees as allowed under 42 U.S.C. § 1988.

## COUNT I – DECLARATORY RELIEF

34. The Plaintiffs hereby adopt and re-allege each and every preceding paragraph as if fully set forth herein.

35. The Defendants' actions in prohibiting the Plaintiffs from soliciting and underwriting bonds in Jackson County, Mississippi, notwithstanding the fact that the Plaintiffs had complied with Mississippi law regarding bail bonds and that they are, and have been, in good standing with the Mississippi Department of Insurance with regards to the underwriting of bonds, is a violation of Mississippi law.

36. The Defendants' actions are a direct violation of Federal and Mississippi state law.

37. WHEREFORE, THE PREMISES CONSIDERED, the Plaintiffs respectfully request a judgment against the Defendants, declaring that the Defendants' actions in prohibiting the Plaintiffs from underwriting and soliciting bail bonds in Jackson County as described above is in violation of Federal and Mississippi law. The Plaintiffs also pray for any such other and further relief as the Court deems just and appropriate.

## COUNT II – INJUNCTIVE RELIEF

38. The Plaintiffs hereby adopt and re-allege each and every preceding paragraph as if fully set forth herein.

39. The Defendants' actions in prohibiting the Plaintiffs from underwriting and soliciting bonds in Jackson County, Mississippi, notwithstanding the fact that the Plaintiffs had complied

with Mississippi law with regards to these bonded individuals and are in good standing with the Mississippi Department of Insurance with regards to underwriting bonds, is a violation of Federal and Mississippi law.

40. The above-described violations by the Defendants is a proximate cause of damages to the Plaintiffs; namely, the loss of income, business reputation, profits, business, among other things.

41. The Plaintiffs require injunctive relief in this case, since any legal remedy will not make them whole with regard to the continuing damages they suffer as a result of the Defendants' unlawful conduct.

42. WHEREFORE, THE PREMISES CONSIDERED, the Plaintiffs respectfully request this Court to enter an Order prohibiting the Defendants from engaging in any unlawful conduct in refusing and/or prohibiting the Plaintiffs to underwrite and/or solicit bail bonds in Jackson County, Mississippi, except as is allowed and in accordance with Mississippi law. The Plaintiffs further request any other additional relief that the Court deems just and equitable.

**COUNT III -- INTENTIONAL INTERFERENCE OF BUSINESS RELATIONS**

43. The Plaintiffs hereby adopt and re-allege every preceding paragraph as if fully set forth herein.

44. The Defendants' above-described actions have intentionally interfered with the Plaintiffs' business relations under Federal and Mississippi law.

45. The Defendants' above-described actions have proximately caused the Plaintiffs to suffer the following damages: loss of income, business reputation, profits, business, among other things.

46. The Defendants' actions were done with the intentional, knowing and/or reckless disregard for the rights of the Plaintiffs, and/or with the knowledge that the Plaintiff would be

harmed by the Defendants' actions.

47. WHEREFORE, THE PREMISES CONSIDERED, the Plaintiffs respectfully request that this Court enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for compensatory and punitive damages, based upon the intentional, knowing, or reckless nature of the Defendants' conduct, in an amount to be determined by a jury, in excess of minimal jurisdictional amount of this Court. The Plaintiffs further request any additional relief that the Court deems just and proper.

## COUNT IV—VIOLATION OF MISS. LAW (PENDANT JURISDICTION)

48. The Plaintiffs hereby adopt and re-allege every preceding paragraph as if fully set forth herein.

49. The Defendants' above-described actions have intentionally interfered with the Plaintiff's rights as established under Mississippi law.

50. The Defendants' above-described actions have proximately caused the Plaintiffs to suffer the following damages: loss of income, business reputation, profits, business, among other things.

51. The Defendants' actions were done with the intentional, knowing and/or reckless disregard for the rights of the Plaintiffs, and/or with the knowledge that the Plaintiffs would be harmed by the Defendants' actions.

52. WHEREFORE, THE PREMISES CONSIDERED, the Plaintiffs respectfully request that this Court enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for compensatory and punitive damages, based upon the intentional, knowing, or reckless nature of the Defendants' conduct, in an amount to be determined by a jury, in excess of minimal jurisdictional amount of this Court. The Plaintiffs further request any additional relief

that the Court deems just and proper.

## COUNT V – ATTORNEY'S FEES AND COSTS

53. The Plaintiffs seek and demand an award of reasonable attorneys' fees, costs and expenses incurred in the prosecution of this action

This the 23rd day of November, 2012.

Respectfully submitted,

**THE HAMPTON COMPANY NATIONAL SURETY, LLC**

**A24/7BAIL BONDS**

**JOSEPH NIEVIES CANTU, SR.**

**JAMIE A. PATRICK**

**JAMES HAMPTON GARDNER**

**ALEJANDRO NAVAS-SILVAS**

BY: _____
WILLIAM S. KELLUM
Attorney for Plaintiffs

WILLIAM S. KELLUM, ESQ. (MBN# 101898)
KELLUM LAW FIRM, P.C.
P.O. BOX 4318
JACKSON, MISSISSIPPI 39296
TELEPHONE: (601) 969-2709
FACSIMILE: (601) 969-2161

13